IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE WINTER STORM URI<br>NATURAL GAS LITIGATION<br><br>(This Document Relates to All Cases) | Case No. 24-1073-DDC-ADM |

### MEMORANDUM AND ORDER

This matter is before the court on Defendants' Joint Motion to Partially Stay Discovery Pending Resolution of Their Motions to Dismiss. (ECF 49.) By way of this motion, defendants ask the court to stay all discovery, other than initial document requests, until the court decides their motions to dismiss (ECF 3, 5, 10-12, 16, 17, 20, 21). Plaintiffs oppose the requested stay. For the reasons discussed below, the court denies the motion to stay. However, such denial is without prejudice to defendants seeking a targeted protective order to the extent they believe particular discovery requests (or categories of discovery requests) are too burdensome to undertake until they have a ruling on the motions to dismiss.

I.   BACKGROUND

This action consists of five separate cases that the court consolidated for discovery and pretrial case-management purposes. (ECF 1.) In each case, Kansas purchasers of natural gas bring claims on behalf of themselves and others similarly situated under the Kansas Consumer Protection Act ("KCPA") against natural-gas suppliers and, in one case, a natural-gas marketer (Concord Energy, LLC).

On May 31, 2024, defendants filed a joint consolidated motion to dismiss under FED. R.

1

CIV. P. 12(b)(6).[1]  (ECF 3.)  In the motion, defendants assert, among other things, that plaintiffs cannot satisfy the elements of their KCPA claims, that the claims are preempted by federal law because the Federal Energy Regulatory Commission ("FERC") has the exclusive authority to determine the reasonableness of natural-gas rates, and that certain claims are barred by the filed-rate doctrine, which gives the Kansas Corporation Commission ("KCC") exclusive jurisdiction to regulate public utilities in Kansas.  Plaintiffs opposed the motion, which is now pending before the presiding district judge.

On June 20, 2024, the court entered a Phase I Scheduling Order to govern the initial phase of discovery, focused on class-certification issues.  (ECF 53.)  The scheduling order largely adopted defendants' proposed discovery plan, which was more limited than plaintiffs' proposed plan.  The court set an October 4 deadline for substantial completion of class-certification document production, and a December 17 deadline for the completion of all class-certification fact discovery.

Defendants filed their current motion to stay discovery on June 18.  It asks the court to stay discovery (other than initial document requests) pending the court's ruling on their motion to dismiss.  Defendants note that the ruling could "end some or all of the cases entirely." (ECF 50, at 2.)  As a result, they argue, proceeding with "expansive discovery . . . would be wasteful and burdensome." (*Id.* at 3.)  Plaintiffs oppose a stay of discovery.  They argue that defendants' motion to dismiss lacks merit and will not be granted.  They further argue that, to the extent defendants

---

[1] Some defendants also filed separate, supplemental motions to dismiss, raising defendant-specific arguments for dismissal.  Throughout this memorandum and order, the court refers to the defendants' "motion to dismiss" in the singular, but any such reference should be read to include the supplemental motions to the extent applicable.

2

believe plaintiffs' discovery requests are not proportional to the needs of the case, defendants' remedy is to "confer on and object to the scope of discovery requests and raise any remaining good-faith disputes with the court," not to avoid discovery almost entirely. (ECF 71, at 5.)

## II. LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). Stays are disfavored, however, because they "can delay a timely resolution of the action." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020). Further, "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill. Nat. Bank & Tr. Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). A stay *may* be appropriate,

3

however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."  *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023).  "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC,* No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

## III. ANALYSIS

Defendants first assert that a stay is appropriate because their motion to dismiss is "likely to dispose of Plaintiffs' claims in their entirety or, at a minimum, narrow the claims and parties." (ECF 50, at 5.)  They point out that the legal arguments they asserted against the court hearing the claims—either because FERC has the exclusive jurisdiction to determine natural-gas prices or because KCC has exclusive jurisdiction to regulate public utilities in Kansas—could close the cases.  Similarly, they suggest that their arguments that plaintiffs failed to state plausible KCPA claims could either end or narrow the action.  Defendants also argue that discovery is unnecessary to resolve their dispositive motion, both because the challenges presented therein are legal challenges that don't depend on facts to be developed in discovery, and because briefing on the motion is complete.

The court has reviewed the briefing on the pending dispositive motion.  With respect to each of defendants' arguments for dismissal, plaintiffs' response brief asserts viable counter

4

arguments. Thus, the court is not persuaded that these cases are likely to be fully resolved via the pending motion to dismiss, at least not any more so than when reviewing motions to dismiss filed in other complex cases. The court does not presume to predict how the district judge will rule, but plaintiffs here raise what appear to be legitimate arguments against dismissal at the pleading stage. It is true that the ruling on the motion to dismiss might trim down the cases a bit, but discovery will still be necessary to resolve the cases in their entirety. Quite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court. In view of the above, the court cannot conclude that it is *likely* that all of the cases will be resolved upon the district judge's ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

Next, defendants broadly assert that discovery in this case will be wasteful and burdensome at this juncture. Their arguments in this regard largely center around the discovery plan plaintiffs proposed in their draft scheduling order. As mentioned above, however, the court largely adopted defendants' (not plaintiffs') proposed discovery plan in fashioning the Phase I Scheduling Order (ECF 53). Thus, for example, defendants' expressed concern that plaintiffs might seek to depose 85 fact witnesses is now mooted by the scheduling order limiting each side to 50 such depositions. Similarly, the scheduling order adopted defendants' argument that the first phase of discovery should focus on class-certification issues, not all merits discovery.

The court is not persuaded that participating in discovery at this procedural juncture would be wasteful or burdensome to the point that a stay is justified. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although

defendants assert that discovery will be "burdensome," the burden is pure speculation at this juncture. Should defendants find that particular discovery requests (or categories of discovery requests) present a tangible and articulable undue burden, defendants are not foreclosed from seeking a protective order. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021). Should this situation arise, defendants are directed to meet and confer with plaintiffs' counsel to see if the parties can reach an agreement on whether the specific discovery can be delayed until after a ruling on the motion to dismiss. If the parties cannot reach agreement, defendants may seek a discovery conference by emailing the undersigned judge's chambers. To be clear, the court is not inviting a broad-reaching motion for a protective order. Rather, defendants should only pursue additional relief if they can demonstrate that there are particular areas of requested discovery that are too onerous to undertake unless and until the court rules their motion to dismiss.

In sum, defendants have not met their burden to demonstrate that this is an exceptional case warranting a blanket discovery stay. Plaintiffs have a right to proceed with this action in a timely manner, absent a strong showing by the movants. For the reasons discussed above, the court denies defendants' motion to stay.

**IT IS THEREFORE ORDERED** that defendants' motion to stay (ECF 49) is denied without prejudice.

Dated August 12, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
