# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re Winter Storm Uri Natural Gas Litigation | Case No. 6:24-cv-01073-DDC-ADM<br><br>**This Document Relates to All Cases** |

## NOTICE OF INTENT TO ISSUE SUBPOENA

In accordance with Fed. R. Civ. P. 45, Defendants BP Energy Company and BP Canada Energy Marketing Corp. hereby notify all parties that the attached Subpoena will be issued for production of documents.

Dated:  October 21, 2024          Respectfully submitted,

/s/ *Alan R. Pfaff*
Alan R. Pfaff, #12949
Roman K. Panickar, #30146
WALLACE SAUNDERS
200 West Douglas, Suite 400
Wichita, Kansas  67202
Phone:  (316) 219-8308
Fax:  (316) 316-269-2479
apfaff@wallacesaunders.com
rpanickar@wallacesaunders.com

Richard C. Pepperman II (*pro hac vice*)
Amanda F. Davidoff (*pro hac vice*)
Michael P. Devlin (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Phone:  (212) 558-4000
Fax:  (212) 558-3588
peppermanr@sullcrom.com
davidoffa@sullcrom.com
devlinm@sullcrom.com

*Attorneys for Defendants BP Energy Company and BP Canada Energy Marketing Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I filed the foregoing with the clerk of the court by using the CM/ECF system and sent via electronic transmission to all parties of record.

By: /s/ Alan R. Pfaff
Alan R. Pfaff, #12949

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kanas

| | |
|---|---|
| In re Winter Storm Uri Natural Gas Litigation ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:24-cv-01073 |
| ) | |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Southern Star Central Gas Pipeline, Inc.
Resident Agent: C T Corporation System, 112 SW 7th St., Suite 3C, Topeka, KS 66603

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Wallace Saunders<br>C/O Roman Panickar<br>10111 West 87th St., Overland Park, KS 66212 | Date and Time:<br>11/04/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2024

*CLERK OF COURT*

OR

_____        /s/ Roman K. Panickar
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants BP Energy Company and BP Canada Energy Marketing Corp. , who issues or requests this subpoena, are:

Roman Panickar, 10111 West 87th St., Overland Park, KS 66212; rpanickar@wallacesaunders.com; (913) 888-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:24-cv-01073

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The following Definitions apply throughout these requests ("Requests") without regard to capitalization.

1. "Atmos" refers to Atmos Energy Corporation and its employees, agents, and representatives.

2. "Black Hills" refers to Black Hills/Kansas Gas Utility Company, LLC, and its employees, agents, and representatives.

3. "Communication" means the transmittal of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice-mail messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, emails, and postings of any type.

4. "Concerning" or "Concern" means relating to, referring to, regarding, describing, mentioning, evidencing or constituting.

5. "Defendants" means BP Energy Company, BP Canada Energy Marketing Corp., CIMA ENERGY, LP (formerly CIMA ENERGY, LTD.), Concord Energy LLC, ETC Marketing, Ltd., Macquarie Energy LLC, Mercuria Energy America, Inc., NextEra Energy Marketing, LLC, Rockpoint Gas Storage, LLC, Southwest Energy L.P., Spotlight Energy, LLC, Tenaska Marketing Ventures, and Williams Energy Resources LLC, both individually and as a group.

6. "Distributors" refers to KMGA, KGS, Black Hills, Atmos, Symmetry, and Midwest, both individually and as a group.

7. The term "Document" or "Documents" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34 and includes, without limitation, any

-2-

writing, drawing, graph, chart, photograph, audio recording, image, videotape, data, data compilation, computer database or data bank, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

8. "KCC" means the Kansas Corporation Commission and its employees, agents, and representatives.

9. "KGS" refers to the Kansas Gas Service and its employees, agents, and representatives.

10. "KMGA" refers to the Kansas Municipal Gas Agency and its employees, agents, and representatives.

11. "Midwest" refers to Midwest Energy Inc. and its employees, agents, and representatives.

12. "Southern Star" refers to Southern Star Central Gas Pipeline, Inc., and its employees, agents, and representatives.

13. "Symmetry" means Symmetry Energy Solutions, and its employees, agents, and representatives.

14. "Winter Storm Uri" refers to the winter storm referenced in the February 14, 2021 State of Disaster Emergency Proclamation issued by Governor Laura Kelly and described as the "2021 Winter Weather Event" in the KCC's March 9, 2021 Order Adopting Staff's Report and Recommendation to Open Company-Specific Investigations in KCC Docket No. 21-GIMX-303-MIS.

15. The terms "You" and "Your," or any variant thereof, refers to Southern Star, as well as Your agents, representatives, attorneys, and/or any other person acting or Your behalf.

-3-

## INSTRUCTIONS

The following instructions apply to each Request contained herein:

1. These Requests are served on behalf of all Defendants, but production may be made to Roman Panickar at 10111 West 87th Street, Overland Park, Kansas 66212 or rpanickar@wallacesaunders.com.

2. Please respond separately to each Request and produce all Documents in Your possession, custody, or control, regardless of location. Please specifically state any objections.

3. Documents shall be produced and Bates numbered in a manner that ensures that the source of each Document can be determined. You must produce electronically stored information responsive to these Requests in text-searchable PDF format with corresponding load files that contain the Document's text, including the metadata. Any files that are not easily converted to PDF format, such as spreadsheet files should be produced in native format.

4. For the purpose of construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

5. You must produce responsive Documents as they have been kept in the usual course or You shall organize or label them to correspond to the enumerated Requests herein.

6. If You claim any ambiguity in interpreting either a Request or a Definition or an Instruction, You should not use that claim as a basis for refusing to respond, but rather shall set forth as part of Your response the language deemed to be ambiguous.

7. If You claim that some Documents responsive to a Request are privileged or otherwise protected from disclosure, You must produce all Documents not so protected and list each withheld Document on a log that identifies who created the Document, who received it, its subject matter, and the basis for withholding it.

8. If You have no Documents responsive to a Request, You must say so in Your response.

9. Each Document requested herein is to be produced in its entirety, regardless of whether You consider the entire Document to be relevant or responsive.

10. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, (a) the present tense shall be construed to include the past tense and vice versa, (b) the singular includes the plural and vice versa, and (c) the terms "and" and "or" are both conjunctive and disjunctive.

11. Defendants are not seeking the production of documents related to transactions that occurred outside of Kansas at this time.

## REQUESTS FOR PRODUCTION

1. All Documents requested by Plaintiffs' June 28, 2024 subpoena in *In re Winter Storm Uri Natural Gas Litigation*, No. 24-CV-1073-DDC (D. Kan.).

2. All Documents and Communications Concerning gas transported or delivered to the Distributors between February 10, 2021 and February 18, 2021, including, without limitation, Documents sufficient to show the volume of such gas by date and receipt/delivery points and Documents sufficient to show whether such gas was sourced from storage.

3. All invoices sent to the Distributors for gas received, transported, delivered, or stored in February 2021.

4. All Documents and Communications concerning cuts or reductions in service in February 2021, including, without limitation, Communications Concerning critical weather notices and operational flow orders.

5. Documents sufficient to show cuts that You made showing volumes by date and

-5-

receipt/delivery points that would otherwise have been delivered to Distributors or Defendants.

6. Documents sufficient to show penalties that would have accrued under Your operational flow orders effective from February 10, 2021 to February 18, 2021, absent Your application to the Federal Energy Regulatory Commission ("FERC") to waive those penalties.

7. All Documents and Communications provided to FERC Concerning Your application to waive penalties that would have accrued during February 10, 2021 to February 18, 2021.

8. All transportation, storage, or other contracts in effect in February 2021 between You and the Distributors.

9. All Documents and Communications from February 10, 2021 to February 18, 2021 regarding the effect of Winter Storm Uri on Your efforts to transport natural gas.

10. All Documents and Communications reflecting any decision You made not to receive or deliver natural gas at a particular location from February 10, 2021 to February 18, 2021.