UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE WINTER STORM URI<br>NATURAL GAS LITIGATION | Case No. 24-1073-DDC-ADM<br><br>**This Document Relates All Cases** |

## NOTICE OF INTENT TO ISSUE SUBPOENA

In accordance with Fed. R. Civ. P. 45, Plaintiffs hereby notify all parties that the attached Subpoena will be issued for production of documents.

        FOULSTON SIEFKIN LLP
        1551 N. Waterfront Parkway, Suite 100
        Wichita, Kansas  67206-4466
        T: 316-267-6371 | F: 316-267-6345
        jfowler@foulston.com


        *s/Jay F. Fowler*
        Jay F. Fowler, #10727
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2024, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to counsel of record.

*s/Jay F. Fowler*
Jay F. Fowler, #10727

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| In re Winter Storm Uri Natural Gas Litigation ) | |
| *Plaintiff* ) | |
| v.  ) | Civil Action No. 24-CV-1073-DDC-ADM |
| ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Cheyenne Plains Gas Pipeline Company, L.L.C.
c/o Capitol Corporate Services, Inc., 700 SW Jackson St., Suite 100, Topeka, KS 66603

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Requested in Exhibit A.

| Place: Foulston Siefkin LLP<br>1551 N. Waterfront Pkwy., Suite 100<br>Wichita, KS 67206 | Date and Time:<br>12/04/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/29/2024

| *CLERK OF COURT* | OR | s/Jay F. Fowler |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Jay Fowler, Foulston Siefkin, 1551 Waterfront Pkwy, Ste 100, Wichita, KS 67206, jfowler@foulston.com, 316-267-6371

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-CV-1073-DDC-ADM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

### Definitions

The following definitions shall apply to this subpoena:

1. "Communications" or "correspondence" means, without limitation, the transmission of a word, statement, fact, thing, idea, document (as defined below), instruction, demand, or question, and every manner of disclosure or exchange, and every disclosure or exchange of information, whether oral, written by electronic transmission, or by other means of dissemination of information, including, without limitation, meetings, discussions, conversations, telephone calls, attempted telephone calls, memoranda, letters, facsimiles, telefaxes, telexes, conferences, or seminars.

2. "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, records, reports, letters, telegrams, memoranda, notes, complaints, contracts, studies, statements, affidavits, minutes, diaries, journals, appointment books, circulars, charts, schedules, tape recordings or transcripts thereof, bills, invoices, ledgers, worksheets, sketches, photographs, motion pictures, videotapes, pamphlets, brochures, electronic mails, text messages, social media posts, or other similar writings, and any other writings or reproductions. "Documents" shall further be defined to include all copies of any document requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such documents being produced. As used herein, the term "Document" specifically includes "Electronically Stored Information" as defined in these Definitions.

3. "Electronically Stored Information" means any Document, information, or data that is in use and/or stored in any analog, digital, magnetic, and/or other electronic format whatsoever. This term includes, but is not limited to, the following: writings, drawings, graphs, charts, photographs, sound recordings, spreadsheets, word processing files, e-mail messages, instant messages, text messages, databases, digital voicemail messages, images, metadata, web pages, attachments, and other data or data compilations stored in any medium from which information can be obtained.

4. The terms "any" and "all" shall mean "any and all" which includes "each and every."

5. The terms "and/or," "and," and "or" as used herein are to be read in both the conjunctive and disjunctive and each shall serve as a request for documents and things that would be responsive under a conjunctive reading in addition to all information that would be responsive under a disjunctive reading.

6. The terms "related to," "relating to," and "relates to" includes any document that in whole or in part constitutes, defines, evidences, contains, describes, concerns, discusses, embodies, reflects, edifies, mentions, records, summarizes, memorializes, analyzes, states, refers to, deals with, or in any way pertains to that subject, whether or not the subject itself is mentioned specifically, and including without limitation documents concerning the preparation of other documents.

7. "Stated Period" means the period from February 1, 2021, through and including February 28, 2021.

**Requests**

1. Documents that list the names of all Shippers with Transportation Contracts, Storage Contracts, and / or Park and Loan Contracts effective during the period of February 10 – February 20, 2021 (inclusive), with Cheyenne Plains Gas Pipeline Company, L.L.C. ("CPGP")

2. For each listed Shipper identified in Number 1 above, for the period of February 10, 2021, through February 20, 2021 (inclusive), Documents that provide the following:

    a. The CPGP Contract Number for each Transportation Contract, Storage Contract, and / or Park and Loan Contract for each Shipper.

    b. The amount of capacity included in each CPGP Transportation Contract, Storage Contract, and / or Park and Loan Contract for each Shipper.

    c. Whether the capacity in each CPGP Transportation Contract for each Shipper is Firm Transportation or Interruptible Transportation.

3. The CPGP Receipt Point List and the operational capacity in MMBtu, at each CPGP Receipt Point, for the period of February 10, 2021, through February 20, 2021 (inclusive).

4. The CPGP Delivery Point List and the operational capacity in MMBtu, at each CPGP Delivery Point, for the period of February 10, 2021, through February 20, 2021 (inclusive).

5. Documents that provide the following for each CPGP Shipper Transportation Contract, Storage Contract, and / or Park and Loan Contract identified in Number 1 above, for the period of February 10, 2021, through February 20, 2021 (inclusive):

    a. The volume of natural gas received by each Shipper each day at any CPGP Receipt Point.

    b. The volume of natural gas delivered by each Shipper each day to any CPGP Delivery Point.

6. All documents that are communications by CPGP to any Shipper, for the period of February 10, 2021, through February 20, 2021 (inclusive), regarding the following:

    a. Any CPGP communication regarding available capacity on CPGP./

    b. Any CPGP communication regarding Operational Flow Orders.

    c. Any CPGP communication regarding Shipper penalties

    d. Any CPGP communications regarding force majeure

    e. Any CPGP communications regarding orders to match receipts and deliveries on a daily basis on CPGP system or any part thereof.

7. For the period of February 1, 2021, through February 20, 2021 (inclusive), all Documents received by CPGP from the following listed entities and / or all Documents sent by CPGP to the following listed entities:

    a. BP Energy Company
    b. BP Energy / Canada
    c. CIMA Energy, LP
    d. Concord Energy, LLC
    e. Tenaska Marketing Ventures
    f. Tenaska Gas Storage
    g. ETC Marketing, Ltd.
    h. Macquarie Energy LLC
    i. Southwest Energy L. P.
    j. Spotlight Energy, LLC
    k. Sequent
    l. MIECO LLC
    m. Hartree Partners, L P
    n. Citadel Energy Marketing LLC
    o. Kansas Gas Service, a Division of One Gas, Inc.
    p. Black Hills Energy
    q. Atmos Energy
    r. Mercuria Energy America
    s. Shell
    t. Conoco Phillips
    u. NextEra Energy Power Marketing, LLC
    v. Symmetry Energy Solutions
    w. Constellation
    x. Sunflower Electric
    y. Evergy