IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE WINTER STORM URI
NATURAL GAS LITIGATION

Case No. 24-1073-DDC-ADM

**(This Document Only Relates to Case No. 24-1005-DDC-ADM)**

## MEMORANDUM AND ORDER

This action consists of five separate cases that the court consolidated for discovery and pretrial case-management purposes. It is before the court on a motion arising out of one of the cases, *Rice v. Southwest Energy, L.P.*, Case No. 24-1005. Two defendants in *Rice*, Concord Energy LLC ("Concord") and Spotlight Energy LLC ("Spotlight") (together, "defendants") have filed a motion for a protective order permitting them to produce redacted copies of billing statements identified in their Federal Rule of Civil Procedure 26(a)(1)(A) initial disclosures. (ECF 272.) For the reasons discussed in further detail below, the court denies the motion. The billing statements are relevant, and defendants have not demonstrated that their proposed redactions are narrowly tailored or that they would suffer specific, significant competitive harm if unredacted copies are produced under the Attorneys Eyes Only provision of the blanket protective order entered in this action.

**I.      BACKGROUND**

Plaintiffs are Kansas purchasers of natural gas who bring this purported class action against natural gas producers and suppliers. They allege that defendants violated the Kansas Consumer Protection Act ("KCPA") by unconscionably raising the price of natural gas sold to plaintiffs though distributors, including Symmetry Energy Solutions ("Symmetry"), during Winter Storm Uri in February 2021.

On June 10, 2024, defendants served their Rule 26(a)(1)(A) initial disclosures. The only specific document Concord identified as one it might use to support its defenses was its "Net Out Statement to Symmetry Energy Solutions, LLC for purchases made by Concord during February 2021." (ECF 272-2, at 4.) Spotlight similarly identified the "Physical Natural Gas Invoice[s] . . . covering February 2021" between it and Symmetry and between it and Shell Energy North America (US), LP ("Shell"), an intermediary company that ultimately sold the natural gas to Symmetry. (ECF 272-3, at 5.)

On July 31, plaintiffs served each defendant a single document request, seeking production of "all documents falling within the scope of your Rule 26(a)(1)(A)(ii) disclosure." (ECF 272-1, at 1, 4.) In response, Concord produced a heavily redacted copy of its Net Out Statement (ECF 297-1), designating it Attorneys Eyes Only pursuant to the blanket protective order entered in this action (ECF 103, at 7). Likewise, Spotlight produced heavily redacted copies of its Physical Natural Gas Invoices with Symmetry and Shell, also designating them Attorneys Eyes Only. (ECF 297-2, 297-3, 297-4.) The redactions in the produced documents ("the Documents") involve defendants' sales of natural gas (including prices, delivery locations, and volume) that was delivered outside of Kansas.

Plaintiffs challenged defendants' redactions, and the parties requested a discovery conference with the court. The court convened a conference on October 16. After hearing the parties' positions, the court set the matter for motion briefing. (ECF 251.) On November 6, defendants filed the instant motion for a protective order, asserting that the redacted information is irrelevant and contains trade secrets, confidential commercial information, and/or proprietary pricing information, which if disclosed would cause them significant harm.

## II.  LEGAL STANDARD

As a general rule, "a party may not unilaterally redact information from documents it produces in litigation simply because the redacted information is irrelevant or non-responsive." *Ritchie v. Wal-Mart Stores E., L.P.*, No. 19-4067-SAC-ADM, 2020 WL 5369392, at *1 (D. Kan. Sept. 8, 2020); *see also Fish v. Kobach*, No. 16-2105-JAR-JPO, 2017 WL 1373882, at *7 (D. Kan. Apr. 17, 2017); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, at *5-*6 (D. Kan. Nov. 17, 2010).  "Federal Rule of Civil Procedure 34 requires a party to produce or permit inspection of responsive *documents*, not just relevant information contained in those documents."  *Richie*, 2020 WL 5369392, at *1 (emphasis in original) (citing *Coe v. Cross-Lines Ret. Ctr., Inc.*, 342 F.R.D. 539, 548 (D. Kan. 2022), and *HR Tech.*, 2010 WL 4792388, at *5). Permitting indiscriminate redactions inserts "'another step in the process,' [that] would invite additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases." *Fish*, 2017 WL 1373882, at *7 (quoting *HR Tech.*, 2010 WL 4792388, at *5).  Further, redactions are "both unnecessary and potentially disruptive to the orderly resolution of the case" because parties are not ordinarily harmed by producing irrelevant or sensitive information that is already subject to a protective order restricting its dissemination and use.  *HR Tech.*, 2010 WL 4792388, at *6 (quoting *Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio April 28, 2010)).

However, a producing party may seek a protective order authorizing such redactions. Under Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  As applicable here, subsection (G) provides that the protective order may require that trade secrets or other confidential commercial information "not be revealed or be revealed in a

3

specified way." FED. R. CIV. P. 26(c)(1)(G); *see also Ad Astra Recovery Servs. v. Heath,* No. 18-1145-JWB-ADM, 2020 WL 5057482, at *35 (D. Kan. Aug. 27, 2020) (applying the standard in Rule 26(c)(1) to a motion for a protective order authorizing redactions). The burden is on the producing party to show the propriety of the redactions. *See Richie*, 2020 WL 5369392, at *2; *McNabb v. City of Overland Park*, No. 12-2331-CM-TJJ, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014). A party may demonstrate good cause to support "narrowly tailored redactions of limited information" that is not relevant to the issues in the case "by establishing specific, significant competitive harm that would result from disclosure." *Richie*, 2020 WL 5369392, at *2 (citing *Ad Astra Recovery Servs.,* 2020 WL 5057482, at *10-11). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. ANALYSIS

#### A. The Documents Are Relevant

First, defendants argue that a protective order denying plaintiffs discovery of the unredacted version of the Documents is appropriate because the redacted information is "not relevant to Plaintiffs' claims at issue in this dispute." (ECF 272, at 5.) Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." At the discovery stage, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 rule amendment).

4

Here, there is no question that the Documents themselves are relevant. Plaintiffs bring claims against defendants for violations of the KCPA in February 2021, alleging defendants both (1) used unconscionable acts and practices and (2) profited from a disaster. (ECF 33, at 23-25.) The Documents bear on these matters because they show the source and cost of the natural gas defendants were buying at the time, as well as the price at which defendants then sold the gas, allowing a calculation of the cost-price disparity at issue in plaintiffs' unconscionability claims. Indeed, defendants themselves identified the Documents in their Rule 26(a)(1) disclosures as documents they intend to use to support their claims and defenses. In fact, the Documents were some of the only documents defendants disclosed. The court thus has no trouble finding the Documents relevant. As noted above, the general rule is that a party may not redact information from otherwise relevant documents. But the court goes on to consider whether defendants have demonstrated that there is good cause for an exception to this rule and for the entry of a protective order permitting the redactions.

### B. The Redactions Are Not Narrowly Tailored to Irrelevant Information

Defendants first assert that there is good cause for the redactions because none of the redacted information is relevant to the KCPA claims raised in *Rice*. As discussed above, the court has discretion to permit "narrowly tailored redactions" of information that is not relevant to the issues in the case when a party demonstrates it would be harmed by production of the redacted information. The first step in the court's analysis, therefore, is to consider whether the redactions are narrowly tailored to cover only information that is not relevant.

The redactions here do not meet that litmus test. The redactions are extensive, covering most of each of the Documents. In some cases, the redactions interfere with the reader's ability to understand unredacted information in context. Defendants nonetheless argue that these redactions

are narrowly tailored because they have redacted "only" information pertaining to out-of-Kansas transactions, including information showing the pipelines through which the natural gas flowed, at what volume, and at what price. But such non-Kansas information *is* relevant to plaintiffs' KCPA claims, particularly under the broad definition of relevance recognized by the Supreme Court. *See Oppenheimer Fund*, 437 U.S. at 351 (ruling relevance should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). The court has reviewed the unredacted versions of the Documents in camera. The unredacted versions show the price of gas defendants sold elsewhere and the cost they paid to acquire it, which then permits plaintiffs to compare the information with the same information for gas sold in Kansas. This bears on plaintiffs' claims that defendants' transactions in Kansas were unconscionable. For example, if defendants' percentage markup of natural gas bought and sold outside of Kansas is significantly lower than for inside Kansas, plaintiffs could assert that defendants excessively and unconscionably increased the costs to plaintiffs' distributors. Although defendants assert that there are many factors that create variations in regional natural gas markets, which is presumably true, the court cannot find at this procedural juncture that defendants' out-of-state transactions have no bearing on plaintiffs' KCPA claims. Ultimately, the redactions are by no means narrowly tailored redactions of limited information that clearly is not relevant.

### C. Defendants Have Not Established A Specific, Significant Competitive Harm

Nor have defendants demonstrated that they would suffer a concrete, specific competitive harm if unredacted copies of the Documents were produced under the Attorneys Eyes Only provision of the blanket protective order. A party seeking a protective order must establish that the information sought is indeed a trade secret or other confidential research, development, or

commercial information. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009). The movant must then show that the disclosure of this information might be harmful. *Id.* To do this, the movant must demonstrate that disclosure would "result in a clearly defined and very serious injury, such as showing the competitive harm that would befall it by virtue of the disclosure of the trade secrets or other highly-confidential proprietary information." *In re Syngenta Ag Mir 162 Corn Litig.*, No. 14-MD-2591-JWL-JPO, 2017 WL 386835, at *2 (D. Kan. Jan. 27, 2017) (internal quotation omitted). To establish such an injury under the good-cause standard for a protective order, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

Defendants contend that disclosure of the redacted information would give their competitors (co-defendants in this action) "an unfair economic advantage by allowing them to, among other things, extrapolate the information to predict future trading practices and strategies for the purposes of replicating, undermining, or competing with Defendants' trading strategies." (ECF 272, at 4.) The court finds this possibility far too attenuated to carry weight.

First, the Documents cover a limited time period (a single month) four years ago. As time passes, what they might reveal about defendants *current* trading strategies and business models is minimized. Companies naturally adjust their prices and practices over time. It is a stretch to find such limited and dated information will give defendants' competitors an unfair economic advantage if disclosed to their attorneys for purposes of this lawsuit.

Second, the Attorneys Eyes Only provision of the protective order permits defendants to limit the disclosure of the documents to a party's outside counsel and two designated in-house counsel. (ECF 103 at 7.) The court recognizes that defendants in these cases are competitors in

7

some instances, but that fact is accounted for by inclusion of the Attorneys Eyes Only provision in the protective order. That provision specifically protects "highly sensitive trade secrets or other highly sensitive competitive or confidential information, such that disclosure to another party would result in demonstrable harm to the disclosing party." (*Id.* at 4.) This category would seem to cover exactly the redacted information, as described by defendants. Defendants have not addressed why this heightened level of protection is not therefore sufficient to protect them from the significant competitive harm they conjecture.

Finally, it appears that the redacted information is, at least to some extent, already publicly available, albeit perhaps in different forms. It is true that a compilation of publicly available information may still be deemed a trade secret, but the court considers the "confidential" nature of information as relevant to the determination of whether its disclosure might be harmful. *Hutchinson v. Pfeil*, 201 F.3d 448 (10th Cir. 1999). Plaintiffs note, and defendants do not dispute, that the transactions covered in the Documents were made under contract terms that only required their confidentiality for one year from the end of the transaction. (ECF 286, at 2.) Redacted information about the pipelines defendants use is not highly confidential given the pipeline information available on defendants' websites. (*See id.* (citing websites).) And finally, plaintiffs note that they have subpoenaed and produced messages from the Intercontinental Exchange indicating defendants were "generally disclosing their available volumes, prices, and premiums to dozens of traders in the market in February 2021." (*Id.* at 4.)

In the end, defendants have not submitted a record from which the court can conclude that the redacted information is so highly proprietary or sensitive that redaction is warranted despite the availability of the Attorneys Eyes Only provision of the protective order. *Cf. Ad Astra*, 2020 WL 5057482, at *10-*11 (granting a motion for protective order permitting redactions where the

moving party and non-parties submitted declarations detailing the specific and significant competitive harm that would result if the redacted information was produced). Accordingly, defendants have not demonstrated good cause for a protective order to allow them to maintain the redactions.

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order (ECF 272) is denied. Defendants must produce the Documents without redactions on or before **January 10, 2025**.

**IT IS SO ORDERED.**

Dated January 2, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge