## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE WINTER STORM URI
NATURAL GAS LITIGATION

**(This Document Only Relates to
Case No. 24-1005-DDC-ADM)**

Case No. 24-1073-DDC-ADM

## ORDER

This action consists of five separate cases that the court consolidated for discovery and pretrial case-management purposes. Plaintiffs in each case are Kansas purchasers of natural gas who bring purported class actions against natural gas producers and suppliers. Plaintiffs allege that defendants violated the Kansas Consumer Protection Act ("KCPA") by unconscionably raising the price of natural gas sold to plaintiffs though distributors during Winter Storm Uri in February 2021. The action is now before the court on a motion arising out of one of the cases, *Rice v. Southwest Energy, L.P.*, Case No. 24-1005. Two defendants in *Rice*, Concord Energy LLC ("Concord") and Spotlight Energy LLC ("Spotlight") (together, "defendants") move to seal four exhibits filed in support of their November 6, 2024 motion for protective order. (ECF 299.) For the reasons explained below, the court denies the motion to seal.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *see also McWilliams v. Dinapoli*, 40 F.4th 1118, 1130–31 (10th Cir. 2022) ("There is a longstanding common-law right of public access to judicial records."). This "fundamental" right preserves the integrity of the judicial processes "by allowing the public to see how courts make their decisions." *McWilliams,* 40 F.4th at 1130 (quoting *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020)). As a result, "there is a strong presumption in favor of public access" to documents filed on the court's docket. *United States v. Cushing*, 10 F.4th 1055, 1082 (10th Cir. 2021).

To overcome this presumption, a party seeking to file documents under seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (alteration and quotation omitted). "This burden is 'heavy,'" *McWilliams,* 40 F.4th at 1130-31 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)), and must be supported by specific, rather than general, information. *See Bacon*, 950 F.3d at 1294. The court has discretion to seal documents if it concludes that "countervailing interests heavily outweigh the public interests in access to the judicial record." *Id.* at 1293.

Defendants here move the court to seal Exhibits 4, 5A, 5B, and 6 to their motion for protective order (ECF 272). These Exhibits are redacted versions of the documents that are the subject of defendants' motion for protective order. They are billing statements that indicate the source and cost of the natural gas defendants were buying in February 2021, as well as the price at which defendants then sold the gas within Kansas. Defendants assert that the Exhibits contain their "trade secret and/or highly confidential commercial information with third parties, which was produced pursuant to the Court's Protective Order under the Highly Confidential—Attorneys Eyes Only designation." (ECF 299, at 1.) After examining the Exhibits, the court finds that they are highly relevant to the issues at play in these actions and that defendants have not articulated a substantial interest that justifies sealing them from the public.

First, as the court recently held in its memorandum and order denying defendants' motion for a protective order, "there is no question" that the Exhibits are relevant to plaintiffs' KCPA claims. (ECF 301, at 5.) Plaintiffs allege that in February 2021, defendants used unconscionable acts and practices, and profited from a disaster. (ECF 33, at 23-25.) The Exhibits speak to these matters because they show the source and cost of the natural gas defendants were buying at the

time, as well as the price at which defendants then sold the gas, allowing a calculation of the cost-price disparity at issue in plaintiffs' unconscionability allegations.  Indeed, defendants themselves identified the Exhibits in their Federal Rule of Civil Procedure 26(a)(1) disclosures as documents they intend to use to support their claims and defenses.  There are more than a thousand potential class members in the *Rice* action who may be interested in the information in the Exhibits.  Because the information defendants seek to seal is "undoubtedly relevant to the public's understanding of this litigation and evaluation of the legal process," the public's interest in the Exhibits is particularly significant.  *In re Syngenta AG MIR 162 Corn Litig.,* Nos. MDL 2591, 14-md-2591-JWL, 2015 WL 3440476, at *2 (D. Kan. May 28, 2015); *see also United States v. Pickard,* 733 F.3d 1297, 1302 (10th Cir. 2013) (ruling that the "strong presumption" in favor of open records is heightened when the information subject to a seal request provides the basis for a court's adjudication of the merits of the litigation).

Second, defendants have not demonstrated a substantial countervailing interest that justifies sealing the Exhibits.  Defendants state that the Exhibits reflect a compilation of defendants' trades with specific customers, which "constitutes part of Defendants' trade secrets and/or highly confidential and proprietary trading strategy and pricing information."  (ECF 299, at 4-5.)  They broadly argue that disclosure of this information would "cause substantial harm to Movants."  (*Id.* at 2.)  But defendants never explain what supposed, specific harm they will suffer.  Perhaps the closest defendants come is to assert that their competitors "may use such information in direct competition with Movants and/or to negatively impact Movants' business," placing defendants at a competitive disadvantage.  (*Id.* at 7.)  The court finds this language too speculative and conclusory to establish "a real and substantial interest" that justifies depriving the public of access to the records.  Moreover, "based on the historical nature of the information—which refers

to transactions and sales in [2021]—defendant's fear that a competitor could exploit such information is speculative." *Uhlig LLC v. PropLogix, LLC*, No. CV 22-2475-KHV, 2024 WL 2091490, at *1 (D. Kan. May 9, 2024).  On balance, defendants have not shown how their interests in making it more difficult for competitors to access the information outweighs the public interest in access to the materials that form part of the basis of this lawsuit.

Finally, defendants' designation of the Exhibits as "Attorney Eyes Only" under the protective order is of no significance.  "The fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record."  *In re Syngenta AG MIR 162 Corn Litig.,* No. 14-MD-2591-JWL, 2015 WL 3440476, at *1 (D. Kan. May 28, 2015).  *See also Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (ruling parties cannot overcome presumption against sealing simply by showing records are subject to protective order).  "The disclosure analysis is simply not the same under [Federal Rule of Civil Procedure] 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. . . .  [O]nce such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher."  *Id.* (quotation omitted).

Because defendants have not met their heavy burden of demonstrating an interest that outweighs the public's presumptive right of access to judicial records, the motion for leave to file under seal is denied.  Defendants, as the parties that provisionally filed the Exhibits under seal (ECF 297), are responsible for making the appropriate filings in the public record.  D. Kan. Rule 5.4.2(d).

**IT IS THEREFORE ORDERED** that defendants' motion to seal Exhibits (ECF 299) is denied.  Defendants must file the Exhibits in the public record by January 15, 2025.

4

5

**IT IS SO ORDERED.**

Dated January 8, 2025, at Kansas City, Kansas.

                       s/ Angel D. Mitchell
                       Angel D. Mitchell
                       U.S. Magistrate Judge